```
             UNITED STATES DISTRICT COURT
                DISTRICT OF MINNESOTA
              Criminal No. 14-257(DSD/SER)
```

United States of America,

       Plaintiff,

v.                                                    **ORDER**

Dennis Charles Helmer,

       Defendant.

    Kimberly A. Svendsen, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415, counsel for plaintiff.

    Dennis Charles Helmer, #61076-018, FCI-Coleman, P.O. Box 1032, Coleman, FL 33521-1032, defendant pro se.

    This matter is before the court upon the pro se motion by defendant Dennis Charles Helmer to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court denies the motion and denies a certificate of appealability.

**BACKGROUND**

    On August 5, 2014, Helmer was indicted on sixteen counts of mail fraud and three counts of wire fraud. On September 25, 2014, Helmer pleaded guilty to one count of mail fraud. See ECF No. 22. The plea agreement stated that (1) the government would assert that the loss amount was between $1 million and $2.5 million, while

Helmer would assert a loss amount between $400,000 and $1 million; (2) a two-level enhancement for vulnerable victims should apply; and (3) Helmer's advisory guidelines range of imprisonment would be up to 150 months. Id. ¶¶ 6(b) and (f). Helmer waived his right to appeal his sentence unless it exceeded 150 months' imprisonment. Id. ¶ 10.

The presentence investigation report (PSR) determined that there were 32 victims of the fraud who collectively sustained $1,329,935.25 in losses. PSR ¶ 16. The PSR determined the advisory guideline range of imprisonment was 120 to 150 months. Id. ¶ 99.

On June 24, 2015, Helmer filed a pro se letter to the court, stating that he had no objection to the factual assertions set forth PSR. ECF No. 33, at 4. Helmer also accepted responsibility for his crimes, apologized to the victims, and said that he would "work diligently to repay them." Id. at 9. Helmer asked for leniency under the 18 U.S.C. § 3553(a) factors. Id. at 6-9. Helmer also argued that the court should reduce his offense level based on pending revisions to Guidelines § 2B1.1. Id. at 5-6. The government objected, arguing that Helmer's offense level would remain the same based on another pending revision to § 2B1.1. ECF No. 35, at 7; see also PSR ¶ 117 (addressing potential impact of revisions).

The same day, Helmer's counsel filed a sentencing position reaffirming that Helmer had no objection to the PSR and accepted responsibility for his crimes. ECF No. 32. Helmer's counsel also asked for leniency under the § 3553(a) factors and for a downward variance. Id.

At the sentencing hearing on July 7, 2015, Helmer's counsel reiterated his client's acceptance of responsibility and commitment to pay restitution to his victims. See Sent. Tr. at 3:7-14. During his allocution, Helmer personally acknowledged his restitution obligation of approximately "1.3 ... million dollars" and told the court, "I am here today to accept full responsibility for my decision and actions, and I do sincerely apologize to all of my clients for any financial difficulties that I've caused them to incur." Id. at 4:3-6, 12:3-4. The court sentenced Helmer to a term of imprisonment of 150 months and ordered him to pay restitution in the amount of $1,329,873.25. Helmer did not file a direct appeal challenging any aspect of his sentence.

On February 8, 2016, Helmer filed this § 2255 motion, asserting that his counsel was ineffective because he failed to: (1) object to the loss calculation, (2) object to the vulnerable victim enhancement, (3) argue for a downward variance based on the then-pending Guideline amendments, and (4) object to the restitution amount.

**DISCUSSION**

Section 2255 provides a federal inmate with a limited opportunity to challenge the constitutionality, legality, or jurisdictional basis of a sentence imposed by the court. This collateral relief is an extraordinary remedy, reserved for violations of constitutional rights that could not have been raised on direct appeal. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). When considering a § 2255 motion, a court may hold an evidentiary hearing. See 28 U.S.C. § 2255(b). A hearing is not required, however, when "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (citation and internal quotation marks omitted). Here, no hearing is required.

**I. Ineffective Assistance of Counsel**

To prevail on a § 2255 motion based on ineffective assistance of counsel, Helmer must meet both prongs of the test set forth in Strickland v. Washington, 466 U.S. 668 (1984). First, Helmer must show that his counsel's performance was so deficient that it was objectively unreasonable. Id. at 687-88. Because "[t]here are countless ways to provide effective assistance in any given case" and different attorneys "would not defend a particular client in

4

the same way," the court reviews the performance of defense counsel with significant deference and with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. Second, Helmer must demonstrate prejudice by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Id. at 694. In the context of a guilty plea, this means that but for counsel's errors, the defendant "would not have pleaded guilty and would have insisted on going to trial." Iron Wing v. United States, 34 F.3d 662, 664 (8th Cir. 1994) (quoting Hill v. Lockhart, 474 U.S. 52, 57-59 (1985)).

### A. Loss Calculation

Helmer argues that his counsel should have objected to the PSR's loss calculation. However, a strategic decision not to challenge the loss amount, and instead focus on leniency under the § 3553(a) factors, does not constitute ineffective assistance of counsel. Calkins v. United States, 795 F.3d 896, 897 (8th Cir. 2015). The record supports a finding that Helmer made a strategic decision not to contest the loss amount, not only through his counsel's representations to the court, but also through his personal communications to the court. He cannot now reverse course.

Moreover, Helmer's argument lacks merit. Helmer argues that the loss amount was improperly calculated because the court failed to account for his partial payments and product shipments to victims. Helmer admitted at his plea hearing, however, that he did so to lull customers and conceal his fraudulent scheme. Plea Hr'g Tr. at 17:11:20. "[W]hen a defendant's only subjective intent regarding repayments relates to [his] illegal purpose of perpetuating the scheme, a sentencing court may refuse to credit repayments against sums received from the victims." Calkins, 795 F.3d at 800; see also United States v. Callaway, 762 F.3d 754, 759 (8th Cir. 2014) (finding that the district court properly declined to credit defendant for $100,000 repaid to victim where payments were "necessary to give his scheme a veneer of legitimacy"); United States v. Hatchett, 622 F.3d 984, 988 (8th Cir. 2010) (finding that the district court properly declined to credit defendant for $4.9 million in repayments where defendant admitted pursuant to plea agreement that he "engaged in a scheme to defraud without any intention of making the legitimate investments promised to investors"). As a result, the payments and shipments were properly included in the loss amount.

Helmer also argues that the loss amount is inflated because the government seized assets that could have been sold to mitigate the victims' damages. However, a loss calculation should not be reduced based on the value of seized assets "not pledged to the

victims' benefit prior to the discovery of the fraud." <u>United States v. Brown</u>, 877 F. Supp. 2d 736, 749 (D. Minn. 2012). Helmer never pledged the seized assets to the victims. Accordingly, the loss calculation properly excludes such a reduction.

Under these circumstances, defense counsel's decision not to object to the loss calculation did not constitute ineffective assistance of counsel.

**B.   Vulnerable Victim Enhancement**

Helmer argues that his counsel should have objected to the vulnerable victim enhancement because it was based solely on the victims' advanced ages. Guidelines § 3A1.1(b)(1) provides for a two-level enhancement if "the defendant knew or should have known that a victim of the offense was a vulnerable victim." There is ample evidence to establish that Helmer's victims were readily identifiable as vulnerable. For example:

> [Helmer] awoke victim J.B. (age 87) from naps in the middle of the day, victim H.B. (age 89) was legally blind and later caught a bad infection and was "really sick," victim W.C. (age 82) had many illnesses and was on the way to the hospital during one of the defendant's calls, victim R.D. (age 88) had family that needed money immediately, and victim A.G. (age 79) had suffered a stroke.

PSR ¶ 8; <u>see also</u> <u>United States v. Beckman</u>, 787 F.3d 466, 495 (8th Cir. 2015) (holding elderly stroke victim qualified as vulnerable). Helmer's other victims were similarly situated: an 86-year old man (R.W.) fell asleep during his in-person meeting with Helmer, a 99-

7

year-old woman (D.S.) had dementia, and a 74-year-old man (J.M.) had serious health issues and may have been unconscious for a portion of Helmer's visit. PSR ¶¶ 8, 12-15. As a result, defense counsel's decision not to object to the vulnerable victim enhancement was not objectively unreasonable and provides no basis for a claim of ineffective assistance of counsel.

### C. Proposed Guidelines Amendments

Helmer next asserts that his counsel was ineffective because he did not ask the court to apply the proposed amendments to § 2B1.1. However, there is no reasonable likelihood that such an argument by defense counsel would have changed Helmer's sentence. Helmer addressed the amendments in his letter, the government responded, and they were noted in the PSR. As such, the court was well aware of the proposed amendments and declined to adopt them. Helmer's counsel was not ineffective when he declined to argue for a downward variance based on the proposed Guideline amendments.

### D. Restitution

Helmer's challenge to restitution is not cognizable. "[A] federal prisoner cannot challenge the restitution portion of his sentence using 28 U.S.C. § 2255, because this statute affords relief only to prisoners claiming a right to be released from custody." United States v. Bernard, 351 F.3d 360, 361 (8th Cir. 2003). The analysis is the same "in the context of an ineffective-assistance-of-counsel claim." Shephard v. United States, 735 F.3d

797, 798 (8th Cir. 2013). Accordingly, Helmer's challenge to restitution fails.

## II. Certificate of Appealability

To warrant a certificate of appealability, a defendant must make a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2). A "substantial showing" requires a petitioner to establish that "reasonable jurists" would find the court's assessment of the constitutional claims "debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). As discussed, the court is firmly convinced that Helmer's claim is baseless, and that reasonable jurists could not differ on the results given the nature of his arguments. A certificate of appealability is not warranted.

### CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The motion to vacate, set aside, or correct sentence [ECF No. 43] is denied; and

2. Pursuant to 28 U.S.C. § 2253, the court denies a certificate of appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: April 19, 2016

                                            s/David S. Doty
                                            David S. Doty, Judge
                                            United States District Court