```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA
               Criminal No. 14-257(DSD/SER)
```

United States of America,

       Plaintiff,

v.                                            **ORDER**

Dennis Charles Helmer,

       Defendant.

      Kimberly A. Svendsen, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415, counsel for plaintiff.

      Dennis Charles Helmer, #61076-018, FCI-Coleman, P.O. Box 1032, Coleman, FL 33521, defendant pro se.

      This matter is before the court upon defendant Dennis Charles Helmer's objection to the government's motion to correct the restitution order and his request for an evidentiary hearing. Based on a review of the file, record, and proceedings herein, and for the following reasons, the objection is overruled and the request for an evidentiary hearing is denied.

      On July 8, 2015, Helmer was sentenced for mail fraud in violation of 18 U.S.C § 1341. He was ordered to pay restitution in the amount of $1,305,105.60, and neither he nor his counsel objected to that amount. See ECF No. 54 at 3. On July 19, 2016, because of a clerical error, the government filed a motion to lower the amount of restitution to $1,285,955.60. ECF No. 64. The court granted the motion on August 1. See ECF No. 65; Fed. R. Crim. P.

36. On August 8, Helmer filed a pro se objection to the government's motion, arguing that the correction order violates due process as set forth in United States v. Adejumo, 777 F.3d 1017, 1020 (8th Cir. 2015).

The Adejumo court held that the defendant's due process was violated because: (1) the defendant was not provided with proper notice of the government's motion to increase restitution; (2) the amount of restitution was not detailed in the pre-sentence investigation report; and (3) the court lacked sufficient information to enter an order of restitution. Id. at 1019-20. Helmer does not point to any facts showing that these errors are present here; therefore, the court finds Adejumo inapposite.

Helmer's objection is simply an attempt to re-litigate claims previously raised in his 28 U.S.C. § 2255 motion, which the court denied. See ECF Nos. 43, 54. The court fully considered those claims and has no reason to reconsider its ruling.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's objection [ECF No. 66] is overruled; and

2. Defendant's request for an evidentiary hearing is denied.


Dated: August 30, 2016

                                              s/David S. Doty
                                              David S. Doty, Judge
                                              United States District Court